# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES J. SULLIVAN, | ) |
| Petitioner, | ) ) ) |
| -vs- | ) Case No. CIV-19-1106-F ) |
| LONNIE LAWSON, Warden, et al., | ) ) |
| Respondents. | ) |

## ORDER

Petitioner, Charles J. Sullivan, a state prisoner proceeding *pro se*, commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges the revocation of prior suspended sentences. After conducting a review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, United States Magistrate Judge Shon T. Erwin issued a Report and Recommendation, recommending this court construe the petition under 28 U.S.C. § 2241 and summarily dismiss petitioner's action as untimely.

Presently before the court is petitioner's objection to the Report and Recommendation. Petitioner specifically objects to Magistrate Judge Erwin's determination that his § 2241 action is untimely. In accordance with 28 U.S.C. §636(b)(1), the court has conducted a de novo review of the matter. Having done so, the court concurs with Magistrate Judge Erwin's analysis regarding the timeliness of petitioner's action. The court concludes that petitioner has not demonstrated he is entitled to equitable tolling of the applicable one-year limitations period. *See*, Holland v. Florida, 560 U.S. 631, 649 (2010) (limitations period may be

equitably tolled only upon a showing that (1) the petitioner has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way of filing a timely petition.)  The court therefore adopts, accepts and affirms the Report and Recommendation in its entirety.

The Antiterrorism and Effective Death Penalty Act (AEDPA) conditions a state prisoner's right to appeal a denial of habeas relief under § 2241 upon a grant of a certificate of appealability.  Montez v. McKinna, 208 F.3d 862, 868-869 (10th Cir. 2000).  A certificate of appealability requires petitioner to demonstrate a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253.  When the district court, such as in this case, dismisses a habeas petition on procedural grounds, a certificate of appealability should issue only when the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Upon review, the court finds that petitioner cannot demonstrate such showing.

Accordingly, the Report and Recommendation issued by United States Magistrate Judge Shon T. Erwin (doc. no. 10) is **ACCEPTED**, **ADOPTED** and **AFFIRMED**.  Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is construed as a petition for a writ of a habeas corpus under 28 U.S.C. § 2241 and petitioner's action under § 2241 is summarily **DISMISSED** as untimely filed.  A certificate of appealability is also **DENIED**.

IT IS SO ORDERED this 10th day of April, 2020.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-1106p004.docx